IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN MCMILLAN, | § | |
| | § | No. 135, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Kent County |
| STATE OF DELAWARE, | § | Cr. ID No. 0608002639 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 6, 2015
Decided: May 27, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 27th day of May 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Benjamin McMillan, filed this appeal from the Superior Court's summary dismissal of his second motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of McMillan's opening brief that his appeal without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in March 2007, McMillan pled guilty to Trafficking in Cocaine and Tampering with Evidence. As part of the plea agreement, McMillan stipulated that he was eligible for habitual offender sentencing under 11 *Del. C.* § 4214 and the State dismissed five other charges and a violation of probation pending in a different case. McMillan was sentenced to eighteen years of Level V incarceration for Trafficking in Cocaine and two years of Level V incarceration, suspended for decreasing levels of supervision, for Tampering with Evidence. McMillan filed a notice of appeal, but then voluntarily dismissed the appeal.

(3) In 2010, McMillan filed his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). McMillan contended that his guilty plea was coerced, his habitual offender sentence was invalid, and his counsel was ineffective for failing to investigate his status for sentencing as a habitual offender. The Superior Court summarily dismissed McMillan's motion as procedurally barred by Rule 61(i)(1), (i)(2), (i)(3), and (i)(4). We affirmed the Superior Court judgment.[2]

(4) In 2014, McMillan filed his second motion for postconviction relief. McMillan amended and supplemented the motion several times. McMillan

---

[2] *McMillan v. State*, 2010 WL 3490181, at *1 (Del. Sept. 7, 2010).

2

claimed that: (i) the State violated *Brady v. Maryland*[3] by failing to disclose misconduct in the Office of the Chief Medical Examiner ("OCME"), which included misconduct by the OCME employee who signed the test results for the drugs in McMillan's case and who was indicted on charges arising from a criminal investigation into evidence tampering at the OCME;[4] (ii) his guilty plea was involuntary due to the State's failure to disclose this misconduct; and (iii) his counsel provided ineffective assistance by informing him that a mandatory life sentence was the only outcome of a trial and by failing to inform him of discrepancies between the weight of the seized drugs in the police report and the OCME report. The Superior Court summarily dismissed McMillan's motion as procedurally barred by Rule 61(i)(1), (i)(2), (i)(3), and (i)(4). This appeal followed.

(5) In his opening brief on appeal, McMillan argues, as he did in the Superior Court, that he has overcome the procedural hurdles of Rule 61(i) because his allegations concerning misconduct at the OCME constitute a colorable claim of

---

[3] 373 U.S. 83 (1963).

[4] The Court takes judicial notice that this employee, Farnham Danshegar, was tried by a jury on charges of Possession of Marijuana and Possession of Drug Paraphernalia. The State dismissed those charges on May 1, 2015 after the jury failed to reach a unanimous verdict.

a miscarriage of justice under Rule 61(i)(5).[5] Our decision in *Brown v. State*[6] does not support this argument. In *Brown*, we rejected the defendant's postconviction claim that he was entitled to withdraw his guilty plea based on newly discovered evidence of misconduct at the OCME. We held, in the context of that case, that the defendant's knowing, intelligent, and voluntary guilty plea waived any right to test the chain of custody of the drug evidence.[7]

(6)    In this case, McMillan admitted that he was guilty of Trafficking in Cocaine and Tampering with Evidence.[8] As we recognized in affirming the dismissal of McMillan's first motion for postconviction relief, McMillan's guilty plea was knowing and voluntary.[9] McMillan is therefore bound by the statements he made to the Superior Court before his plea was accepted and he is prevented from reopening his case to make claims that do not address his guilt and involve impeachment evidence that would only be relevant at a trial.[10] By pleading guilty,

---

[5] Super. Ct. R. 61(i)(5) (providing that procedural bars of Rule 61(i)(1), (i)(2), and (i)(3) do not apply to colorable claim of miscarriage of justice due to constitutional violation undermining fundamental fairness of proceedings).

[6] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

[7] *Id.* at 1205-06.

[8] Appendix to Appellant's Opening Brief, Exhibit I at 8.

[9] *McMillan v. State*, 2010 WL 3490181, at *1.

[10] *Brown v. State*, 108 A.3d at 1202. *See also Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015) (holding defendant who entered knowing and voluntary guilty plea did not overcome Rule 61(i) procedural hurdles with OCME claims); *Carrero v. State*, 2015 WL

4

McMillan "waived any right he had to test the strength of the State's evidence against him at trial, including the chain of custody of the drug evidence that he claims he was entitled to receive."[11]

(7)    McMillan has therefore not pled a colorable claim of a miscarriage of justice under Rule 61(i)(5) based on his claims concerning misconduct at the OCME. Nor has McMillan pled a colorable claim of a miscarriage of justice under Rule 61(i)(5) based on his conclusory ineffective assistance of counsel claims.[12] Having carefully considered the parties' positions, we conclude that the Superior Court did not err in dismissing McMillan's second postconviction motion as procedurally barred under Rule 61(i)(1), (i)(2), (i)(3), and (i)(4).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

3367940, at *2 (Del. May 21, 2015) (holding defendant was barred by statements he made during guilty plea colloquy from reopening case in second motion for postconviction relief to make claims based on OCME misconduct).

[11] *Brown v. State*, 108 A.3d at 1202.

[12] *Younger v. State*, 580 A.2d 554, 555-56 (Del. 1990) (holding conclusory allegations of ineffective assistance of counsel were not sufficient to show that constitutional violation occurred).